**PORT NORRIS EXPRESS COMPANY, INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents.**

**No. 83–1760.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 13, 1984.

Decided March 2, 1984.

As Amended March 13, 1984.

William P. Jackson, Jr., Arlington, Va., with whom David C. Reeves, Arlington, Va., was on brief, for petitioner.

Cecelia E. Higgins, I.C.C., Washington, D.C., with whom John Broadley, Gen. Counsel, Henri F. Rush, Associate Gen. Counsel, and Ernest B. Abbott, I.C.C., Robert B. Nicholson and Frederic Freilicher, Dept. of Justice, Washington, D.C., were on brief, for respondents.

Before WRIGHT and SCALIA, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge SCALIA.

SCALIA, Circuit Judge:

As we view the issue in this case, it is as follows: When the Interstate Commerce Commission confers nationwide nonbulk general commodities authority, pursuant to concededly adequate "representative evidence" of public need, *American Trucking Associations, Inc. v. ICC,* 659 F.2d 452, 475 (5th Cir.1981), *enforced,* 669 F.2d 957 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1272, 75 L.Ed.2d 493 (1983), may it add to that the grant of bulk authority on the basis of a showing of nationwide need for that service by only a single bulk shipper? We conclude that it may.

I

Fiorot, a small trucking company based in Pennsylvania, filed an application with the Commission seeking authority to transport general commodities, bulk and nonbulk,[1] between all points in the continental United States. In order to obtain authority to operate as a motor common carrier, an applicant must be "fit, willing, and able" to provide the service proposed, and must show that that service will "serve a useful public purpose, responsive to a public demand or need." 49 U.S.C. § 10922(b)(1) (Supp. V 1981). Fiorot's fitness, willingness, and ability to provide both bulk and nonbulk general commodities service are unchallenged. As to whether the service proposed would serve a useful public purpose responsive to a public demand or need, Fiorot supported its application with verified statements of six shippers. These indicated the shippers' need for transportation of lumber and wood products, metal products, machinery and transportation equipment, ores and minerals, chemicals and chemical products, and building materials. One shipper, Supradur, specifically stated that some of its products, which consist of building materials, were shipped in bulk. The shippers identified points of origin for their traffic in nine states, and destinations throughout the continental United States. Supradur stated that its products move to or from Wind Gap, Pennsylvania (a town in Northampton County) to or from anywhere in the United States or Canada. Fiorot also supported its application with the verified statement of its owner and president concerning existing operations.

On the basis of this evidence, the Commission granted Fiorot's application for authority to transport general commodities in both bulk and nonbulk form. No challenge is made with respect to the latter. Port Norris Express Co., a nationwide bulk carrier which opposed Fiorot's application before the Commission, petitions under 28 U.S.C. §§ 2321, 2342 (1976) to set aside the grant of authority for bulk service. It asserts

1. Commodities are transported in "bulk" if they are transported in a form which is flowable, fungible, and homogeneous, and if they are restrained during transportation only by the confines of the transporting vehicle. *See John J. Mulqueen Contract Carrier Application,* 250 I.C.C. 436, 439 (1942). Commodities such as sand, coal, chemicals and petroleum products are often transported in dump trucks or tank trucks, thus being transported in bulk. However, the same products may be packaged in bags or cans, in which case they would move in nonbulk form.

that the evidence of nationwide public need for that service was insufficient, and that that authority should have been granted, if at all, only for transporting building materials, and only on a radial basis, *i.e.*, permitting service between Northampton County, where Supradur's facility is located, and ten states where Supradur ships most frequently.

## II

We must reject petitioner's challenge. Demonstrating fitness to provide bulk service is of course essential before that authority can be granted, either separately or in conjunction with nonbulk authority. 49 U.S.C. § 10922(b)(1)(A) (Supp. V 1981). *See American Trucking Associations, Inc. v. ICC, supra.* Public need for the bulk service must also be shown. 49 U.S.C. § 10922(b)(1)(B) (Supp. V 1981). The statute does not specify, however, how much of a showing will suffice. The Commission has not in the past permitted the showing of need on the part of a single shipper to suffice for a grant of nationwide all-commodities authority, either bulk or nonbulk.[2] Nor does it assert here (and therefore we need not decide) that the Motor Carrier Act of 1980, Pub.L. No. 96–296, 94 Stat. 793, would support such action. It merely asserts the power to confer nationwide bulk general commodities authority on the basis of a single-shipper showing, when that authority is sought *in conjunction with* nationwide nonbulk general commodities authority supported by a multi-shipper, multi-commodity representative sampling.

Acceptance of a reduced showing for the added authority seems to us in accord with Congress's charge to the Commission in the Motor Carrier Act of 1980 that it "reasonably broaden the categories of property authorized by the carrier's certificate or permit." 49 U.S.C.A. § 10922(i)(1)(B)(i) (West Pamphlet 1983). The Commission is reason-

able in interpreting this to suggest that the evidence of public need for extending an authority from one category of commodities to another does not have to be as substantial as that which the Commission deems necessary for the initial category alone. We see no reason why that congressional intent would not apply to an extension from the category of nonbulk commodities to that of bulk commodities (*e.g.*, an extension from sand in bags to sand in bulk) just as it applies to an extension between various categories of either nonbulk or bulk property (*e.g.*, an extension from sand in bags to peat in bags, or from sand in bulk to peat in bulk). Bulk and nonbulk commodities differ from one another more substantially than the various categories of bulk and nonbulk commodities, respectively, differ among themselves, only, if at all, insofar as the skill and equipment needed to carry them are concerned. But that is a fitness issue, and has nothing to do with the interchangeability of a showing of need for their carriage. That is to say, there is no more reason to believe that a showing of nationwide need for carriage of computer chips demonstrates a nationwide need for carriage of packaged breakfast cereal than there is to believe that a need for sand in bags demonstrates a need for sand in bulk.

While the directive of the 1980 Act "reasonably [to] broaden the categories of property authorized by the carrier's certificate" applies by its terms only to existing certificates and not to new ones, we think it logically implies that new certificates should be "reasonably broaden[ed]" beyond the prior practice as well. No purpose would be served by granting a narrow authority that would immediately be subject to an application for requisite broadening.

The Commission substantially relied upon the analysis outlined above when it stated that "[applicant] seeks by this application to round out its existing operations by offer-

---

**2.** In *Kenosha Auto Transport Corp. v. United States,* 684 F.2d 1020 (D.C.Cir.1982), we upheld a grant of nationwide authority for transporting boats on the basis of evidence of public need provided by the testimony of a single shipper. That was not, however, an all-com-

modities authority, but applied only to the transport of boats, the manufacture of which we found to be a specialized nationwide industry of which a single shipper was representative. *See also Refrigerated Transport Co. v. ICC,* 686 F.2d 881 (11th Cir.1982).

ing shippers a complete transportation service." Decision at 1, No. MC–52729 (Sub-No. 27), *Fiorot Trucking, Inc., Extension—General Commodities Nationwide* (I.C.C. Feb. 3, 1983), *aff'd*, Decision, No. MC–52729 (Sub-No. 27), *Fiorot Trucking, Inc., Extension—General Commodities Nationwide* (I.C.C. May 12, 1983). The Commission's action is also rendered desirable by the back-haul efficiencies which it stresses in its opinion. General bulk authority will enable Fiorot, after having delivered bulk shipments for Supradur, to piece together various shipments to various points that will avoid an empty truck for some, if not all, of the return trip. This cannot be achieved by authority to serve only Supradur, nor even by the kind of radial authority proposed by petitioner. This would not permit Fiorot to transport bulk commodities between different points in the ten state area, and would require the unlikely discovery of a shipment bound for Northampton County in order to avoid returning empty. We do not, however, rely upon this back-haul efficiency alone to sustain the Commission's action, since that would suggest that only a single shipper suffices to establish need for any authority, even when not "rounding out" an authority for other commodities, and when not limited to a single specialized commodity, as in *Kenosha*. That issue need not be reached here, and we do not decide it.

The Commission's action is not, as petitioner asserts, contrary to *American Trucking Associations, Inc. v. ICC, supra*. There the Commission, relying upon its mandate to eliminate unnecessary restrictions on existing licenses, had attempted to forbid carriers to apply for narrow grants of authority. The Fifth Circuit found this insupportable, both because the statute's goal of permitting carriers voluntarily to achieve broader authority is not the same as thrusting such authority upon them, and because 49 U.S.C. § 10922(b)(1)(A) requires that a carrier be "fit, willing, and able" to perform the particular services authorized. 659 F.2d at 470. Here the applicant has voluntarily sought bulk service authority and has shown that it is fit, willing, and able to provide it.

\* \* \* \* \* \*

For the reasons stated, we affirm the Commission's decision to grant Fiorot authority to transport general commodities in bulk, on the ground that Fiorot made a showing of public need adequate for an applicant seeking that authority in conjunction with a grant of nonbulk general commodities authority.

*Petition denied.*